UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE                                    **Misc. No.:** 21-51199
$681,138.00 U.S. Currency

---

**Stipulation and Order Extending United States' Time to File
Forfeiture Complaint and to Toll the Civil Filing Deadline**

---

It is hereby stipulated by and between the United States of America, by and through its undersigned attorneys, and Jimmie & TLH Konja, Inc. d/b/a Boulevard Check Cashers, by and through their attorney, Walter J. Piszczatowski, and Adrian Konja, by and through his attorney, Brian Legghio, as follows:

1.      On April 20, 2021, Homeland Security Investigations ("HSI") seized the following property from Boulevard Check Cashers: $681,138.00 U.S. Currency. As part of the same investigation, on April 20, 2021, the Internal Revenue Service ("IRS") seized the following: $450,586.48 in funds from Sunrise Bank Account Number 12000118961, $149,234.07 in funds from JPMorgan Chase Bank Account Number 991103706, and Miscellaneous prepaid cards and gift cards, estimated value to be determined (referred to herein as the "Property seized by IRS").

2.      The parties acknowledge and stipulate that HSI, through U.S. Customs and Border Protection ("CBP"), provided notice as required by 18 U.S.C.

§ 983(a)(1)(A) of the seizure and its intent to administratively forfeit the $681,138.00 U.S. Currency to all known interested parties, including to Boulevard Check Cashers.

3.     Jimmie & TLH Konja, Inc. d/b/a Boulevard Check Cashers filed a claim with CBP in the administrative forfeiture proceeding regarding the $681,138.00 U.S. Currency. No other person has filed a claim to the currency in the administrative forfeiture proceeding.

4.     CBP referred the administrative claim to the United States Attorney's Office for civil judicial forfeiture proceedings.

5.     Pursuant to 18 U.S.C. § 983(a)(3)(A) and (B), within 90 days after a claim has been filed in an administrative forfeiture proceeding, the United States is required to do one of the following:

        (a) file a complaint for forfeiture against the claimed property,

        (b) return the claimed property, or

        (c) include the claimed property for forfeiture in a criminal action,

in order for the United States to take further action to effect the civil forfeiture of the claimed property in connection with the underlying offense, unless the court extends the deadline for good cause shown or by agreement of the parties.  In this case, the 90-day deadline would be September 19, 2021. However, under Federal Rule of Civil Procedure 6(a)(1)(C), if the last day of the time period "is a Saturday,

Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Therefore, under Rule 6(a)(1)(C), the actual deadline is **September 20, 2021**.

6.      The parties to this stipulation acknowledge that the IRS did not commence administrative forfeiture proceedings against the Property seized by IRS because these assets fall outside the requirements of 18 U.S.C. § 983(a)(1)(A) under 19 U.S.C. § 1607(a) based on the type and aggregate value of the assets. The parties further acknowledge that the deadline under 18 U.S.C. § 983(a)(3)(A) only applies to cases that start out as administrative forfeiture proceedings and cases that do not start out as administrative forfeiture proceedings are not subject to the same 90 day deadline. Although there is no deadline to file a civil forfeiture action against the Property seized by IRS, other than the statute of limitations, the parties agree that it is in the interests of justice and efficiency to enter into an agreement that uniformly delays initiating civil forfeiture proceedings against any of the property seized in connection with this matter.

7.      As provided in 18 U.S.C. § 983(a)(3)(A), the parties wish by agreement to extend the 90-day deadline set forth in 18 U.S.C. § 983(a)(3)(A) and (B) as to the $681,138.00 U.S. Currency, and to toll the deadline, in order for the parties to have a reasonable and sufficient period in which to evaluate their respective interests in and positions regarding this property. The parties also wish

to uniformly delay civil forfeiture proceedings against the Property seized by IRS.

8.    Jimmie & TLH Konja, Inc. d/b/a Boulevard Check Cashers and Adrian Konja knowingly, intelligently, and voluntarily give up any rights they may have under 18 U.S.C. § 983(a)(3)(A) and (B) to require the United States to file a complaint for forfeiture against the $681,138.00 U.S. Currency, to return the property, and/or to include the property for forfeiture in a criminal action by **September 20, 2021**.

9.    The parties agree that the deadline by which the United States shall be required to file a complaint for forfeiture against the $681,138.00 U.S. Currency, to return the property, and/or to include the property for forfeiture in a criminal action to toll the civil filing deadline shall be extended **180 days** from **September 20, 2021** to and including **March 19, 2022**.

10.    Although not bound by the deadline imposed by 18 U.S.C. § 983(a)(3)(A), the parties also agree that the United States shall not initiate civil forfeiture proceedings against the Property seized by IRS, shall not return this property, and shall not be required to include the property for forfeiture in any judicial action until at least **March 19, 2022**.

11.    Jimmie & TLH Konja, Inc. d/b/a Boulevard Check Cashers and Adrian Konja waive all constitutional and statutory challenges related to the foregoing extension and give up any rights they may have to seek dismissal of any

civil forfeiture complaint and/or any criminal forfeiture allegation in a criminal action on the ground that forfeiture proceedings against the seized property was not timely commenced. Jimmie & TLH Konja, Inc. d/b/a Boulevard Check Cashers and Adriana Konja further waive and agree to the tolling of any rule or provision of law limiting the time for commencing, or providing notice of, forfeiture proceedings with respect to the identified property, including, but not limited to, any applicable limitations contained in 18 U.S.C. § 983 and 19 U.S.C. § 1621.

12.     Jimmie & TLH Konja, Inc. d/b/a Boulevard Check Cashers and Adrian Konja agree that until the United States files a complaint for forfeiture against the identified property and/or alleges forfeiture of the identified property in a criminal action, or until **March 19, 2022**, whichever occurs first, the identified property shall remain in the custody of the United States and Jimmie & TLH Konja, Inc. d/b/a Boulevard Check Cashers and/or Adriana Konja shall not seek its return for any reason in any manner.

13.     By signing below, Walter J. Piszczatowski and Brian Legghio declare that prior to signing this Stipulation, each of them provided a copy of this Stipulation to his client(s), reviewed it with his client(s), consulted with his client(s) regarding its contents, answered any questions from his client(s) about the Stipulation, determined that his client(s) understand its terms and is/are aware of their rights in this matter, and Jimmie & TLH Konja, Inc. d/b/a Boulevard Check

Cashers and Adrian Konja authorized their attorney to sign this Stipulation.

14.     By their signatures below, the parties agree to all of the terms and conditions stated herein.

Approved as to form and substance:

Saima S. Mohsin
Acting United States Attorney

s/Adriana Dydell
Adriana Dydell (CA 239516)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9125
Adriana.Dydell@usdoj.gov

Dated: September 15, 2021

 s/Walter Piszczatowski
(w/consent)
Walter J. Piszczatowski
Hertz Schram
1760 S. Telegraph Rd.
Suite 300
Bloomfield Hills, MI 48302
(248) 335-5000
wallyp@hertzschram.com

Dated:  September 20, 2021

 s/Brian Legghio (w/consent)
Brian Legghio
Legghio Law
645 Griswold St.
Suite 2200
Detroit, MI 48226
(313) 466-8300
blegghio@legghiolaw.com

Dated:  September 20, 2021

**IT IS SO ORDERED.**

Date:  September 21, 2021     s/Gershwin A. Drain
                              GERSHWIN DRAIN
                              UNITED STATES DISTRICT JUDGE